# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 14-CV-4341 (JFB)
_____

EVELYN LITWOK,

Petitioner,

VERSUS

UNITED STATES OF AMERICA,

Respondent.
_____

**MEMORANDUM AND ORDER**
November 23, 2016
_____

JOSEPH F. BIANCO, District Judge:

Evelyn Litwok ("petitioner") petitions this Court *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 vacating her conviction and sentence on one count of tax evasion in violation of 26 U.S.C. § 7201. Petitioner asserts that her trial counsel provided ineffective assistance by failing to (1) file a motion to dismiss based on a violation of the statute of limitations; (2) present a defense based on an unauthorized reallocation calculation; (3) understand the tax code; (4) call a forensic accountant as a defense witness; (5) present exculpatory evidence allegedly proving innocence; (6) cross-examine the government's accountant witnesses as to whether they had filed claims or would be paid for their testimony with monetary or whistleblower awards; and (7) object to prosecutorial misconduct and to purportedly falsified evidence.

For the reasons set forth below, the petition is denied.

I. BACKGROUND

The Court has adduced the following facts from the instant petition and the underlying record.

A. Factual Background

From 1994 to 1997, petitioner operated a number of private equity companies, including Kohn Investment I LP ("Kohn"), which she managed through Kohn Investment Management, Inc. Petitioner routinely used corporate funds received from her investors to pay for personal expenses and gifts. (T. at 72-73, 127-34, 143-45, 211-

1

13.[1]) The Internal Revenue Service ("IRS") concluded that, in 1995, petitioner withdrew over $2.3 million from Kohn, but despite owing more than $700,000 in taxes based on that income, petitioner did not file a tax return or pay any of that amount to the government. (T. at 266-68, 289.)

At trial, petitioner's former accountant Peter Testaverde testified about work relevant to the tax evasion charge for which petitioner was convicted. Testaverde said that, from September 1995 to September 1996, his accounting firm worked to calculate the losses and income for Kohn, and to prepare 1995 K-1 tax forms, which enable private equity investors to file their own tax returns. (T. at 201-02.) Upon reviewing the corporate records, Testaverde discovered that petitioner had accrued over $2.3 million in excess personal compensation from Kohn in 1995, and he presented this finding to petitioner. (T. at 211-14.) Petitioner refuted the accuracy of the Kohn documents and forbade Testaverde from contacting the Company to establish their veracity. (T. at 217.) Nevertheless, Testaverde sent an August 16, 1996 letter to Kohn investors notifying them of petitioner's withdrawals, and that he was unable to complete the 1995 tax return. (T. at 220-21.) Testaverde and his firm subsequently resigned as Kohn's auditor. (T. at 222.)

Petitioner hired other accounting firms to complete Testaverde's work, and her efforts to conceal the undisclosed income, including filing an extension request to submit a tax return on August 15, 1997, continued into 1997. (T. at 192-93, 247-50.) As a result, Kohn investors did not receive an accurate accounting of the Company's finances, and 1995 tax returns were not prepared for petitioner or for Kohn. (T. at 55, 63-65, 220-22, 247-50.)

B. Procedural History

The government arrested petitioner in December 1997 and indicted her in April 2002 on one count of mail fraud. By superseding indictment dated March 19, 2003, the government also charged petitioner with three counts of tax evasion in violation of 26 U.S.C. § 7201, for failing to file tax returns for 1995, 1996, and 1997.

After a jury convicted petitioner on all four counts, the Second Circuit reversed, finding insufficient evidence to sustain the tax evasion charges relating to the 1996 and 1997 returns, and that the government improperly joined the unrelated mail fraud and 1995 tax evasion counts. *United States v. Litwok*, 678 F.3d 208 (2d Cir. 2012). The government then re-tried petitioner on the 1995 tax evasion charge alone, and she was convicted and sentenced to two years' imprisonment and three years of supervised release, and ordered to pay the IRS $1,097,634 in back taxes. Following another appeal, the Second Circuit affirmed that conviction and sentence on April 28, 2015. *United States v. Litwok*, 611 F. App'x 12 (2d Cir. 2015).

While the second appeal was pending, petitioner filed the instant habeas petition on July 11, 2014, and the Court granted the government additional time to submit its opposition pending resolution of the direct appeal. The Court now considers petitioner's ineffective assistance of trial counsel claim for habeas relief.

---

[1] Citations to "T." are references to the transcript of petitioner's January 2013 jury trial before the Honorable Leonard D. Wexler, *United States v. Litwok*, 02-CR-427 (LDW) (E.D.N.Y. Dec. 12, 2014), ECF No. 153.

## II. STANDARD OF REVIEW

Pursuant to 28. U.S.C. § 2255, a prisoner sentenced in federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when the petition claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). With respect to ineffective assistance of counsel claims under § 2255(a), the Supreme Court has stated that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United State*, 538 U.S. 500, 504 (2003).

Under the standard promulgated in *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) that "counsel's representation fell below an objective standard of reasonableness," *id.* at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

The first prong requires a showing that counsel's performance was deficient. However, "[c]onstitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Greiner v. Wells,* 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland,* 466 U.S. at 690). The performance inquiry examines the reasonableness of counsel's actions under all circumstances, keeping in mind that a "'fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight.'" *Id.* (quoting *Rompilla v. Beard,* 545 U.S. 374, 408 (2005)). In assessing performance, a court "must apply a 'heavy measure of deference to counsel's judgments.'" *Id.* (quoting *Strickland,* 466 U.S. at 691). For instance, a "lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision," *DeLuca v. Lord,* 77 F.3d 578, 588 n.3 (2d Cir. 1996), and "'strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable,'" *id.* at 588 (quoting *Strickland,* 466 U.S. at 690). "However, 'strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Id.* (quoting *Strickland,* 466 U.S. at 690-91).

The second prong focuses on prejudice to the petitioner, who is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "Reasonable probability" means that the errors were of a magnitude such that they "undermine confidence in the outcome." *Pavel v. Hollins,* 261 F.3d 210, 226 (2d Cir. 2001) (quoting *Strickland,* 466 U.S. at 694). "[T]he question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Henry v. Poole,* 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting *Strickland,* 466 U.S. at 695). "An error by counsel, even if professionally

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Lindstadt v. Keane,* 239 F.3d 191, 204 (2d Cir. 2001) (quoting *Strickland,* 466 U.S. at 691). However, "[u]nlike the determination of trial counsel's performance under the first prong of *Strickland,* the determination of prejudice may be made with the benefit of hindsight." *Hemstreet v. Greiner,* 491 F.3d 84, 91 (2d Cir. 2007) (citations omitted).

The Court proceeds to examine petitioner's claims, keeping in mind that she bears the burden of establishing both deficient performance and prejudice. *United States v. Birkin*, 366 F.3d 95, 100 (2d Cir. 2004).

### III. DISCUSSION

Petitioner moves to have her conviction and sentence vacated on seven grounds of ineffective counsel. She argues that her trial attorney failed to (1) file a motion to dismiss based upon a violation of the statute of limitations; (2) present a defense based upon an unauthorized reallocation calculation; (3) understand the tax code; (4) call a forensic accountant as a defense witness; (5) present exculpatory evidence allegedly proving innocence; (6) cross-examine the government's accountant witnesses as to whether they had filed claims or would be paid for their testimony with monetary or whistleblower awards; and (7) object to prosecutorial misconduct and to purportedly falsified evidence.

As set forth below, the Court concludes that each of petitioner's claims lacks merit. With respect to the first *Strickland* prong, petitioner has failed to demonstrate that counsel's performance fell below an objective standard of reasonableness. Further, even assuming *arguendo* that the first requirement has been met, petitioner has not satisfied the second *Strickland* standard because there is no reasonable probability that the proceedings would have yielded a different outcome if petitioner's counsel had performed the actions at issue.

### A. Statute of Limitations

Petitioner argues that her attorney should have moved to dismiss her case because the tax evasion charge was time-barred under the applicable six-year statute of limitations. *See* 26 U.S.C. § 6531. However, failure to make a tenuous motion does not render counsel ineffective. *See United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990) ("In order to show ineffective assistance for the failure to make a suppression motion, the underlying motion must be shown to be meritorious, and there must be a reasonable probability that the verdict would have been different if the evidence had been suppressed."); *Mance v. Miller*, No. 01 Civ. 5243 (JSM), 2002 WL 377533, at *8 (S.D.N.Y. 2002) (counsel was not ineffective for failing to file motion with low likelihood of success).

Here, petitioner's trial counsel submitted a declaration attesting that a statute of limitations argument "was not a bona fide issue or defense and there was no good faith factual basis for making such a motion." (Decl. of Robert A. Chapnick, ECF No. 16-2 ("Chapnick Decl.") at ¶ 2.) Under the deferential standard outlined above, the court must presume that counsel acted within the "wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, in making that determination, and the applicable precedent indicates that a limitations defense would have been fruitless. "The law is well established that the statute of limitations for tax evasion runs from the day of the *last act of evasion*[, which] encompasses any act of concealment

. . . ." *United States v. Mui*, 214 F. App'x 40, 47 (2d Cir. 2007) (emphasis in original) (and citation omitted). Petitioner was charged with tax evasion by superseding indictment dated March 19, 2003, and at trial, the government introduced acts of concealment dating to at least mid-1997, which falls within the limitations period. Those incidents include the March 1, 1997 retention of another accounting firm to replace Testaverde, a relationship that lasted for approximately two months before that accountant quit (T. at 248-50); and petitioner's April 15, 1997 submission of an extension request for the filing of her tax return (T. at 193). Had petitioner's trial attorney sought dismissal on limitations grounds, the government would have argued that those events or other post-March 19, 1997 conduct constituted acts of concealment sufficient to toll the commencement of the statutory period. Given that evidence of concealment, any motion to dismiss would have lacked merit, and counsel was not ineffective for failing to raise that argument.

Accordingly, this branch of petitioner's ineffective counsel claim fails because she has not shown that her trial attorney was deficient for declining to make a motion that had no merit.

B. Unauthorized Reallocation Calculations Defense

Petitioner also challenges her counsel's decision not to contest reallocation calculations prepared by Testaverde and presented at trial, and she claims that this defense would have highlighted perjury committed by IRS agents who testified against her.

"Generally, the decision whether to pursue a particular defense is a tactical choice which does not rise to level of a constitutional violation." *Jones v. Hollins*, 884 F. Supp. 758, 765 (W.D.N.Y. 1995), *aff'd*, 89 F.3d 826 (2d Cir. 1995). "Counsel is not required to present every nonfrivolous defense, but instead, should 'winnow out weaker arguments' and select witnesses and evidence that reflect counsel's strategy." *Osorio v. Conway*, 496 F. Supp. 2d 285, 304 (S.D.N.Y. 2007) (quoting *Jones v. Barnes*, 463 U.S. 745 (1983)). Thus, a "lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision." *DeLuca,* 77 F.3d at 588 n.3.

In his declaration, petitioner's trial counsel again states that this defense would have been meritless, and that he "reviewed the Government's disclosures and prior testimony of accountant Peter Testaverde, and did not find any evidence suggesting fraud or perjury." (Chapnick Decl. at ¶¶ 2, 6.) Indeed, the Second Circuit considered this argument on petitioner's direct appeal and concluded that "there is no evidence in the record to support Litwok's allegation that the accountants [including Testaverde] and IRS agents fabricated their testimony." *Litwok*, 611 F. App'x at 15. The instant petition is similarly deficient. Although petitioner claims that, had counsel reviewed Testaverde's calculations and the transcript from her first trial, he would have been able to identify false statements made by IRS agents at the second trial, petitioner has failed to provide any evidence to support this supposition. After reviewing the record, petitioner's trial counsel made a strategic choice as to how and when to attack the credibility of the government's witnesses and the underlying evidence, and the fact that her attorney could have pursued a possible additional line of attack is not sufficient to establish that his choice was unreasonable. *See Rosario-Dominguez v. United States*, 353 F. Supp. 2d 500, 513 (S.D.N.Y. 2005).

5

Further, even had counsel advanced this argument, petitioner has not shown that it would have impacted the outcome of the trial because she has not adduced any support for her charge that Testaverde submitted false calculations. On the contrary, both counsel and the Second Circuit were unable to find any evidence of perjury. Accordingly, petitioner has also failed to satisfy *Strickland*'s prejudice prong.

C. Failure to Understand the Tax Code

Petitioner also claims, without support, that her counsel "lacked a rudimentary understanding of the Tax Code for partnerships . . . ." (Pet., ECF No. 1, at 14.) It is "well established that conclusory allegations . . . are insufficient to meet the rigorous standard under *Strickland v. Washington*." *Smalls v. McGinnis*, No. 04 Civ. 0301(AJP), 2004 WL 1774578, at *23 (S.D.N.Y. Aug. 10, 2004) (collecting cases); *see also Slevin v. United States*, No. 98 CIV. 0904 (PKL), 1999 WL 549010, at *5 (S.D.N.Y. July 28, 1999) ("Petitioner's conclusory allegations that counsel evinced 'a general lack of preparation' do not demonstrate that absent the alleged errors, the outcome of the trial would have been different.").

Thus, without more, petitioner cannot satisfy the *Strickland* standard by baldly arguing that her trial attorney lacked relevant legal expertise. Insofar as petitioner claims that counsel was ineffective for failure to consult with a tax expert, the Court addresses that claim *infra*.

D. Failure to Call a Forensic Accountant

Petitioner faults counsel's decision not to consult with or solicit expert testimony from Ted Lackowitz, a forensic accountant. She asserts that, during a May 2005 deposition by the United States Securities and Exchange Commission, Lackowitz testified that petitioner had no taxable income for 1995, and he thus could have rebutted the tax liability calculations prepared by the IRS.

However, "the tactical decision of whether to call specific witnesses—even ones that might offer exculpatory evidence—is ordinarily not viewed as a lapse in professional representation." *United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997), *cert. denied*, 522 U.S. 846 (1997); *see also Haynes v. Ercole*, No. 08-CV-3643 (JFB), 2011 WL 2341277, at *23 (E.D.N.Y. June 8, 2011) ("[F]ailing to call a witness, even one that could potentially provide exculpatory testimony, does not ordinarily lead to the conclusion that counsel was ineffective."); *Bloomfield v. Senkowski*, No. 02 CV 6738 (RJD)(LB), 2008 WL 2097423, at *1 (E.D.N.Y. May 15, 2008) ("[A]n attorney's failure to consult with or call [an] expert, standing alone, does not necessarily meet the first prong of *Strickland*."). Therefore, a claim that counsel was ineffective for failing to call a defense witness is meritless if made in a "conclusory fashion." *United States v. Vargas,* 920 F.2d 167, 170 (2d Cir. 1990), *cert. denied*, 502 U.S. 826 (1991).

Here, petitioner relies on extra-record evidence—the transcript of an SEC deposition—to argue that Lackowitz would have provided favorable testimony at trial. However, according to her trial counsel, petitioner "claimed she could not afford to pay for the services of an expert witness" and told counsel that Lackowitz "would not be available with no explanation." (Chapnick Decl. at ¶ 4). Further, counsel determined that Lackowitz's testimony would not be helpful because:

first, in prior deposition testimony, Mr. Lackwotiz stated that in his opinion Litwok did have obligations to file in 1995 and later years; second, his prior testimony implied that most of the documents used to create books and records for Litwok's companies, and upon which his opinion about whether she owed taxes was based, were prepared and/or supplied by Litwok and would likely have a similar issue as with the documents Litwok had given [counsel], ie. that they could not be authenticated.

(*Id.*) As a result, counsel "felt that in the balance [Lackowitz's] testimony would likely be more damaging than helpful to Litwok." (*Id.*)

This reasonable inquiry and determination is the sort of tactical decision-making that courts are reluctant to second-guess, and merely presenting a "vague hope that another expert might have reached a different result than the government expert" is insufficient to overcome that deference. *Batchilly v. Nance*, No. 08 Civ. 7150 (GBD)(AJP), 2010 WL 1253921, at *39 (S.D.N.Y. Apr. 2, 2010), *report and recommendation adopted*, 2011 WL 1226260 (S.D.N.Y. Mar. 30, 2011). The Court finds that counsel fairly assessed that the probative value of any testimony that Lackowitz might have given would have been outweighed by Lackowitz's contradictory assertions and the lack of admissible supporting evidence. Further, even if *arguendo* trial counsel erred, such error was not prejudicial because the government adduced sufficient evidence of petitioner's guilt, and a jury may have still convicted petitioner. *See Graziano v. United States*, No. 12-CV-738 (JFB), 2013 WL 298116, at *17 (E.D.N.Y. Jan. 25, 2013).

E. Failure to Impeach

Petitioner also asserts that counsel was ineffective because he failed to impeach two government accountant witnesses, Lawrence Goldstein and Testaverde, with documents that purportedly undermined their testimony.

As with other aspects of trial planning, "[d]ecisions about 'whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature' and generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir. 2002). "Counsel's conduct is only considered unreasonable where there is no plausible trial strategy justifying counsel's behavior." *Lewis v. United States*, No. 10-CV-00718 (ENV), 2012 WL 2394810, at *4 (E.D.N.Y. June 25, 2012) (citing *Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998)).

Petitioner's counsel stated that he did not make use of the materials at issue because "there was no good faith basis with which to proffer any of the documents." (Chapnick Decl. at ¶ 5.) "Litwok either offered no explanation for the source [of the documents], or offered an explanation that would be impracticable to verify. Several times [counsel] felt compelled to ask Litwok if she herself had in fact prepared the document, which she denied." (*Id.*) In addition, counsel believed "that most of the documents were so complicated that they would be unhelpful to proffer at trial without the use of an expert witness to explain them to the jury." (*Id.*)

Again, a court may not "second-guess matters of trial strategy simply because the chosen strategy was not successful," *Cuevas v. Henderson*, 801 F.2d 586, 590 (2d Cir. 1986) (citation omitted), and the Court finds no reason to question counsel's conclusion

that he lacked grounds to impeach the government's witnesses with the documents provided by petitioner. A criminal defendant "'does not have an unfettered right to offer'" evidence that is inadmissible, *see McCall v. Capra*, 102 F. Supp. 3d 427, 441 (E.D.N.Y. 2015) (quoting *Holmes v. S. Carolina*, 547 U.S. 319, 326 (2006)), and, in any case, petitioner has not demonstrated that counsel's reasoning was flawed. Thus, there is no basis to find that counsel's performance was deficient because there are "plausible evidentiary and strategic reasons why counsel did not pursue [petitioner's preferred] impeachment strategy." *Lewis*, 2012 WL 2394810, at *4.

Further, "[w]hether counsel's failure to impeach violates the Sixth Amendment depends upon the extent to which the impeachment evidence would have affected the outcome of the case . . . ." *Rodriguez v. Portuondo*, No. 01 Civ. 0547 (PAC), 2006 WL 2168314, at *10 (S.D.N.Y. Aug. 1, 2006). Here, petitioner has not established how the documents in question would have actually undermined the witnesses' credibility, *see Litwok*, 611 F. App'x at 15 (no evidence of false testimony), and the record shows that counsel extensively cross-examined both accountant witnesses, including as to the veracity of financial analyses that their firms prepared (T. at 75-87, 226-37). Accordingly, petitioner has not demonstrated prejudice by showing that "but for counsel's errors, [s]he would not have been convicted." *United States v. Eltayib*, 88 F.3d 157, 169 (2d Cir. 1996); *see also United States v. Bari*, 750 F.2d. 1169, 1182 (2d Cir. 1984) (no further cross-examination required when initial cross-examination was "vigorous and comprehensive"). Thus, this branch of her ineffective assistance of counsel claim also fails.

F. Failure to Cross-Examine as to Bias

Petitioner further argues that counsel should have asked the accountant witnesses about whether they would receive a whistleblower or other financial reward in return for their testimony on behalf of the government.

This claim fails for the same reason identified above, namely, petitioner has not overcome the substantial deference accorded to counsel's strategy vis-à-vis questioning witnesses. *See Dunham*, 313 F.3d at 732. She offers no support for her supposition that the witnesses may have received a pecuniary inducement from the government and has thus "failed to lay out an adequate factual basis upon which to ground relief." *Susana v. United States*, No. 94 Civ. 0700 (CSH), 1994 WL 577722, at *4 (S.D.N.Y. Oct. 19, 1994); *see also Smalls*, 2004 WL 1774578, at *23. *Wheeler v. United States*, 351 F.2d 946 (1st Cir. 1965), the case that petitioner relies on to advance her claim that counsel should have asked about remuneration, is distinguishable on the grounds that there, the district court *precluded* cross-examination of the government witness's financial interests. *Id*. at 947. Here, counsel elected not to pursue this line of questioning, and petitioner has not demonstrated why this choice rendered him constitutionally effective. In addition, as noted *supra*, counsel cross-examined both witnesses extensively and sought to vitiate their credibility; therefore, petitioner has also failed to show prejudice, even assuming that counsel erred. *See Bari*, 750 F.2d at 1182.

G. Failure to Object to Prosecutorial Misconduct

Finally, petitioner alleges that her counsel should have objected to false statements in the government's summation and the

8

introduction of fraudulent evidence, namely, the financial statements prepared by Testevarde and an engagement letter signed by another one of petitioner's accountants.

On appeal, the Second Circuit found that petitioner's prosecutorial misconduct claim was meritless because her essential allegation was that the government "referenced the allegedly perjured testimony of Government witnesses" in its opening and closing statements. *Litwok*, 611 F. App'x at 16. Because the Second Circuit determined that there was no evidence of witness perjury, it rejected this assertion. *Id.* Likewise, petitioner's habeas claim also alleges that counsel should have protested when the government said that petitioner "'took', or had 'taken', millions of dollars in investor funds to which she was not entitled" during opening and closing arguments. (Pet. at 33.) As in her appellate challenge, petitioner claims that the government should have known that this allegation stemmed from forged financial analyses prepared by Testevarde, and that trial counsel should have objected to those and similar statements, as well as to the introduction of the underlying documents.

As previously stated, and as the Second Circuit concluded, petitioner has adduced no evidence of fraud or perjury. Therefore, she has not shown that counsel was deficient for failing to object to the statements or evidence at issue. Specifically, with respect to the engagement letter, counsel has said that "[t]here was no evidence to suggest a factual basis for her allegation [that it was a forgery,] and there was no good faith basis for making such a claim at trial." (Chapnick Decl. at ¶ 3.) Petitioner has not demonstrated why the Court should reject that reasoned decision. *See Lewis*, 2012 WL 2394810, at *4. Further, for prosecutorial statements to be unconstitutional, the government's "remarks must 'so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Gonzalez v. Sullivan*, 934 F.2d 419, 424 (2d Cir. 1991) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)) (alteration in original). Misrepresentations made during the opening or summation are not unlawful if the verdict is supported by overwhelming evidence. *See Bentley v. Scully*, 41 F.3d 818, 825 (2d Cir. 1994). Accordingly, even if counsel erred in failing to object to the government's remarks, petitioner has not shown that this omission prejudiced her because her conviction was supported by substantial evidence, and the statements at issue were not so pervasive or grave as to undermine the trial's fairness.

IV. CONCLUSION

For the foregoing reasons, the Court finds that petitioner has demonstrated no basis for relief under 28 U.S.C. § 2255. Therefore, the petition to vacate is denied in its entirety. Furthermore, for the reasons set forth above, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right, and therefore a certificate of appealability shall not be issued. *See* 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 23, 2016
Central Islip, New York

\*\*\*

Petitioner appears *pro se*. The attorneys for respondent are Burton T. Ryan, Jr. and Kelly T. Currie, Assistant United States

Attorneys, Office of the United States Attorney for the Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722.